# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TAMAR DEVELL HARVEY,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:23CV00423 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **LAURA ELIZABETH MAUGHAN, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Tamar Devell Harvey, Pro Se Plaintiff.*

The plaintiff, Tamar Devell Harvey, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Harvey sues an Assistant Attorney General of Virginia and her client, Sandra Day Conner, who worked for the Virginia Department of Corrections (VDOC), handling prisoners' grievances. After review of the Complaint, I conclude that this civil action must be summarily dismissed.

I.

The relevant facts in this case are difficult to extract from Harvey's lengthy Complaint, comprised primarily of legal conclusions. Liberally construed, however, Harvey's submissions allege the following sequence of events on which he bases his claims. In 2018, Harvey filed a § 1983 action in this Court, *Harvey v. Landauer*, Case No. 7:18CV00097, alleging that certain prison officials at Augusta

Correctional Center (Augusta) had failed to protect him after he complained of threats from another inmate and his cronies. The record indicates that Harvey mailed a Regular Grievance, dated July 20, 2017, stating that on July 18, 2017, inmate Hubert (later identified as inmate Hubbard) had threatened Harvey "with serious personal injury and irreparable bodily harm" if the inmate was moved away from Housing Unit M-3. Compl. Ex. AA, at 7, ECF No. 1-2. Harvey's grievance stated that the inmate told him, "Me and my boys are going to jump you and F you up!!!" *Id.* Harvey further stated in the grievance that he had told Unit Manager Beck and Counselor Butler about the threats, and in response, Beck had moved the other inmate to another housing area. In answer to the grievance form's question about what action Harvey wanted taken, Harvey wrote that he wanted the inmate to be charged with making threats of bodily harm against him.

Defendant Conner, Augusta's ombudsman, received Harvey's Regular Grievance on July 21, 2017, three days after the other inmate allegedly made his threats and after officials had moved that inmate away from Harvey's housing area. Conner responded to the Regular Grievance by indicating that a copy of the document had been "forwarded to security and the investigator's office," and that Harvey had not provided sufficient information or followed procedures for filing a grievance. Case No. 7:18CV00097, Exhibit and Witness List, Pl.'s Ex. B-1, ECF

No. 429-2. At around 1:00 p.m. on July 21, 2017, Inmate Poe attacked Harvey and caused him serious physical injuries.

Among many other claims in the prior lawsuit, Harvey asserted that Conner (also referred to as Connor) had failed to protect him from an assault by another inmate. *Id*., Mem. Op. at 4 (July 7, 2020), ECF No. 313. After review of the record in that case, the court granted Conner's Motion to Dismiss as to this claim, stating as follows:

> Claim Fourteen alleges that defendant Connor violated Harvey's Eighth Amendment rights both by rejecting his grievances and by failing to protect him from an assault on an unspecified date. As noted, to prevail on such a claim, Harvey must show that he suffered a serious or significant physical or emotional injury, and that the defendant had a sufficiently culpable state of mind, one of deliberate indifference.
>
> Defendants seek dismissal of the failure-to-protect claim on the grounds that Harvey fails to adequately allege anything other than potential knowledge of a general risk of harm by Connor. Additionally, defendants point out that Harvey alleges in his complaint that defendant Connor responded to his grievance by stating that copies were given to other prison officials, so he alleges that she forwarded his concerns of assault to other prison officials. Thus, pursuant to Harvey's own allegations, Connor did not disregard or fail to reasonably respond to an alleged risk of an attack against Harvey.
>
> The court agrees with defendants that Harvey's vague assertions of what knowledge Connor may have had and what [ ] steps she may have failed to take do not plausibly state a failure-to-protect claim. In short, his allegations simply fail to plausibly allege that she was deliberately indifferent.

*Id.* at 14.¹  Other claims against other defendants in the case proceeded to summary judgment.

The court denied summary judgment as to Harvey's claim against defendant Russell for failure to protect him against the assault by Poe.  Id., Mem. Op. (Aug. 27, 2021), ECF No. 387.  Russell worked in Augusta's security office.  The court interpreted Conner's interrogatory responses as stating that Conner "forwarded a copy of the grievance to Russell before Harvey was assaulted, and Russell was in the [Augusta] security office at the time."  *Id.* at 12.  Based on this information, the court found material disputes of fact regarding what Russell knew before Poe's assault on Harvey and about the reasonableness of Russell's response to that knowledge.  *Id.* at 13–14.

The court conducted a jury trial on January 12-14, 2022, as to Harvey's claim that Russell failed to protect him from being attacked by Poe.  The jury found in favor of defendant Russell.  During the trial, Harvey called Conner as a witness and asked her about how she had forwarded his grievance on July 21, 2017.  She testified that she had made copies of the grievance, "put a copy on Mr. Russell's desk" in the shift commander's office and "put a copy under the door of the investigators" office.  *Id*. at Trial Tr. 11, ECF No. 448.  Harvey asked why Conner did not hand a copy of

---

¹ I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

his grievance to anyone in person, and Conner responded that no one was in the shift commander's office at the time she delivered the copy of the grievance there.

In the current § 1983 action, Harvey contends that Conner and her attorney, Assistant Attorney General Laura Maughan, conspired to conceal until trial in January 2022 the fact that Conner did not personally deliver to Russell a copy of Harvey's grievance. In other words, Harvey asserts that because Conner failed to notify an appropriate officer in person of Harvey's grievance, Conner was deliberately indifferent to the risk that Harvey would be physically attacked by the other inmate or his supporters. He contends that their fraudulent actions present a legal excuse under Va. Code Ann. § 8.01-229(D) for Harvey's failure to bring his current claim against Conner within the applicable two-year statute of limitations, Va. Code Ann. § 8.01-243(A).

II.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court shall dismiss such a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this

deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Maughan, based on her actions as defense counsel for Conner, has absolute immunity against Harvey's claims for damages. "[A] state attorney general's function as a government advocate entitles him or her to absolute immunity in a suit for damages." *Jamison v. Herring*, No. 3:22CV360, 2023 WL 3669384, at *4 (E.D. Va. May 25, 2023), *aff'd,* No. 23-6549, 2023 WL 5666448 (4th Cir. Sept. 1, 2023) (unpublished) (holding that assistant attorney general is absolutely immune from acts done in furtherance of his or her defense of state official in a § 1983 action); *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir. 1986) (finding assistant attorney general absolutely immune when "his sole involvement" was "representing that state as its attorney"). Absolute immunity applies because

> the performance of advocacy functions by an assistant attorney general creates a great potential for entanglement in vexatious litigation. Especially in prisoner litigation, unsuccessful plaintiffs may seek recourse against the attorney for the state because of activities which the litigant finds disturbing. Assistant attorney generals should not be inhibited in the performance of their duties, or in their choice of litigation strategies by the threat of harassing lawsuits. And, abuses by counsel may be remedied through contempt or professional disciplinary proceedings.

*Jamison*, 2023 WL 3669384 at *4. The cloak of immunity is "limited to the attorney's performance of regular advocacy functions, and like the immunity

afforded to prosecutors, does not extend to intentional misconduct accomplished outside the scope of the attorney's function as an advocate for the state." *Id.*

Maughan's actions that Harvey challenges fall squarely within her role as advocate for Conner as a state employee, namely filing a Motion to Dismiss, based on Harvey's allegations, filing responses to his interrogatories to Conner, and representing Conner during the trial on claims against another defendant. Harvey does not state facts identifying any action Maughan took related to his claims against Conner that were outside the scope of her duties as defense counsel. Therefore, I conclude that Maughan is entitled to absolute immunity against Harvey's claims for monetary damages, related to his prior lawsuit.

Harvey also appears to attempt a separate legal claim against Maughan, outside of the context of his prior § 1983 action. Perhaps he rests this claim on his conclusory allegations that Maughan and her client conspired to prevent Harvey from learning that Conner did not personally deliver a copy of his grievance to defendant Russell or any investigator in July 2017. Such bald assertions of conspiracy, without factual content in support, cannot survive summary dismissal under § 1915A(b)(1).

For the reasons stated, I will summarily dismiss Harvey's claims against Maughan as legally frivolous. She is cloaked with absolute immunity for actions during her representation of Conner, and Harvey fails to provide factual support for

any claim that Maughan participated outside her official duties in a conspiracy to deprive him of constitutionally protected rights.

I also conclude that Harvey's claims against Conner must be dismissed as legally and factually frivolous.

First, the claim that Conner conspired with Maughan to deprive him of constitutional rights is constructed entirely of conclusions for which Harvey states no supporting facts. He simply does not begin to show that these defendants reached a meeting of the mind to hide information or to carry out shared intentions to deprive Harvey of constitutional rights. Thus, Harvey's purported conspiracy claim does not merit further development in this litigation, and I will dismiss it as frivolous, pursuant to § 1915A(b)(1).

Second, Harvey has waited too long to bring this lawsuit claiming that Conner failed to protect him from the assault by Poe in July 2017. Such actions in Virginia are subject to Va. Code Ann. § 8.01-243(A) and must be filed within two years from the date on which the claim accrues. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

On the face of his Complaint, Harvey filed his current claim against Conner in July 2023, more than six years after the events at issue in his claim that she failed

to protect him. Thus, his claim is untimely filed, unless he demonstrates grounds for tolling the limitation period.

Harvey contends that under Va. Code Ann. § 8.01-229(D), the two-year limitation period should be tolled because Conner (with the help of Maughan) obstructed his ability to bring his claim that Conner failed to protect him from harm. Section 8.01-229(D) provides that when a defendant uses any direct or indirect means to obstruct the plaintiff's filing of an action, then the time while that obstruction continued is not counted as part of the applicable statute's filing limitation period. Harvey's theory is that Conner tricked him by failing to state clearly in her grievance response or her interrogatory answers that she never handed a copy of Harvey's grievance about threats to any person in the security office or the investigator's office; rather, she merely placed copies of his grievance where officers in these departments could find and respond to it. Harvey now contends that in so doing, Conner was deliberately indifferent and responded unreasonably to a risk that her actions would cause Harvey to be harmed as Hubbard had threatened.

The tolling provision on which Harvey relies does not apply to the circumstances present here.

In the first place, court records demonstrate that Conner's actions did not prevent Harvey from bringing a timely claim that Conner failed to protect him from Poe's assault in July 2017. In fact, Harvey sued Conner in his prior § 1983 action

on that same issue. The court considered his allegations and found that he had not stated a claim against her on which relief could be granted. The fact that Harvey previously litigated his claim against Conner and the court decided against him precludes Harvey under the doctrine of res judicata from relitigating his claim against Conner in the current action. *Jones v. Brown*, No. 3:20CV331-HEH, 2021 WL 5237239, at *4 (E.D. Va. Nov. 10, 2021), *aff'd*, No. 21-7649, 2022 WL 4182769 (4th Cir. Sept. 13, 2022) (unpublished). Indeed, Harvey's "blatant attempt to rehash a long-settled matter constitutes an abuse of the judicial process." *Id.* Since the court previously dismissed Harvey's failure to protect claim against Conner with prejudice, he is estopped from bringing that claim against her a second time.

In any event, the tolling provision in § 8.01-229(D) does not help Harvey to save on timeliness grounds, his current and repetitive claim against Conner for failing to protect him from the attack by Poe. Section § 8.01-229(D) "tolls a limitations period when a defendant uses a trick or artifice preventing inquiry, or calculated to hinder a discovery of the cause of action by the use of ordinary diligence." *Snapp v. Lincoln Fin. Sec. Corp.*, 767 F. App'x 452, 455 (4th Cir. 2019) (unpublished). "Mere silence, or passive concealment, is insufficient to toll the limitations period" under § 8.01–229(D). *Evans v. Trinity Indus., Inc.*, 137 F. Supp. 3d 877, 882 (E.D. Va. 2015).

Nothing in the record shows or even suggests that Conner used any trick or artifice to hide any facts related to Harvey's failure to protect claim. At the most, in Conner's response to Harvey's belated, improperly filed, and factually deficient Regular Grievance, and in response to his interrogatories, Conner stated accurate facts about her conduct. She said that she forwarded copies of that grievance to security and investigative officers. She said she left copies of Harvey's submission in their offices. At trial, under questioning for specific details, Conner testified that no one was present when she left the copies. Her silence during prior responses as to this fact does not constitute a trick or artifice, calculated to prevent Harvey's litigation in any way, nor did her actions prevent his assertion of his claim against her. Therefore, I cannot find that Harvey has demonstrated factual grounds for tolling of the applicable statute of limitations under the provision he cites.

I conclude that Harvey's claim against Maughan is barred by absolute immunity and that his claims against Conner are barred under the statute of limitations, with no evidence to support his tolling arguments. Accordingly, I will dismiss this action pursuant to § 1915A(b)(1) as legally frivolous.

A separate judgment will be entered herewith.

    DATED:  November 30, 2023

    /s/  JAMES P. JONES
    Senior United States District Judge